IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| **RUTH REEVES,** individually, and on behalf of others similarly situated, | ) ) ) |
| **Plaintiff,** | ) ) ) |
| v. | ) ) ) No. 1:22-cv-01097-STA-jay |
| **1ST CLASS REAL ESTATE, LLC,** a Virginia limited liability company, | ) ) ) ) |
| **Defendant.** | ) |

## ORDER GRANTING MOTION TO DISMISS

Before the Court is Defendant 1st Class Real Estate, LLC's ("1st Class") Motion to Dismiss (ECF No. 8), filed on June 28, 2022. Plaintiff filed her Response on July 26, 2022. (ECF No. 9.) For the reasons stated below, 1st Class's Motion to Dismiss is **GRANTED** without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(2).

BACKGROUND

Plaintiff, a resident of Humboldt, Tennessee, registered her phone number on the National Do Not Call registry ("DNC") on September 16, 2008. Despite registering her personal-use phoneline on the DNC, Plaintiff began receiving phone calls from 731-318-2363 in March of 2022. On March 31, 2022, Plaintiff received a call from the same number by a person that Plaintiff has identified as Caleb Houston. Mr. Houston asked if Plaintiff was interested in selling her house, and Plaintiff responded by stating that she was not interested in selling her home. On April 5, 2022, Mr. Houston again called Plaintiff and offered real estate services to her. Plaintiff repeated

1

her disinterest in Mr. Houston's services. Mr. Houston is listed as an agent on the website of 1st Class Real Estate Advisors ("1st Class Advisors").

In her Complaint (ECF No. 1), Plaintiff seeks injunctive relief and statutory damages pursuant to the Telephone Consumer Protection Act ("TCPA"). 47 U.S.C. § 227. Plaintiff claims that Mr. Houston's employer 1st Class Advisors is a franchisee or partner of 1st Class. By nature of this relationship, Plaintiff argues that the Court has personal jurisdiction over 1st Class. However, 1st Class contests this claim and asserts that the Court does not have personal jurisdiction because 1st Class is not affiliated in any manner with Mr. Houston or 1st Class Advisors. In other words, according to 1st Class, Plaintiff received an unauthorized phone call from a business that has a name very similar to 1st Class but has no actual connection to it. 1st Class further states that it is incorporated in Virginia, has its principal place of business in Virginia, and has no contacts in Tennessee.

STANDARD OF REVIEW

When a party challenges personal jurisdiction pursuant to Rule 12(b)(2), the plaintiff bears the burden of establishing the existence of jurisdiction. *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 449 (6th Cir. 2012); *Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989). A plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the Court has jurisdiction. *Carrier Corp.*, 673 F.3d at 449 (citing *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991)). In considering a properly-supported Rule 12(b)(2) motion, the Court may proceed in three ways: "it may decide the motion upon the affidavits alone; it may permit discovery in aid of deciding the motion; or it may conduct an evidentiary hearing to resolve any apparent factual questions." *Intera Corp. v. Henderson*, 428 F.3d 605, 614 n.7 (6th Cir. 2005). In the event the district court reaches the jurisdictional issue on

the basis of affidavits alone, the burden on the plaintiff is "relatively slight." *Am. Greetings Corp. v. Cohn*, 839 F.2d 1164, 1169 (6th Cir. 1988); *Data Disc, Inc. v. Sys. Tech. Assoc., Inc.*, 557 F.2d 1280 (6th Cir. 1977) ("If the court determines that it will receive only affidavits or affidavits plus discovery materials, these very limitations dictate that a plaintiff must make only a prima facie showing of jurisdictional facts through the submitted materials in order to avoid a defendant's motion to dismiss.").

"[T]he plaintiff must make only a *prima facie* showing that personal jurisdiction exists in order to defeat dismissal." *Cohn*, 839 F.2d at 1169. This means that the plaintiff must set forth specific facts to support a finding of jurisdiction by a preponderance of the evidence. *Conn v. Zakharov*, 667 F.3d 705, 711 (6th Cir. 2012) (citing *Kroger Co. v. Malease Foods Corp.*, 437 F.3d 506, 510 & n.3 (6th Cir. 2006)). The pleadings and affidavits submitted must be viewed in a light most favorable to the plaintiff, and the district court should not "consider facts proffered by the defendant that conflict with those offered by the plaintiff." *PT Pukuafu Indah v. U.S. Sec. & Exch. Comm'n*, 661 F.3d 914, 920 (6th Cir. 2011). "Dismissal is proper only if [the plaintiff's] alleged facts collectively fail to state a *prima facie* case for jurisdiction." *Carrier Corp.*, 673 F.3d at 449 (quoting *Theunissen*, 935 F.2d at 1459) (internal quotation marks omitted).

## ANALYSIS

The issue presented is whether the Court has specific personal jurisdiction over 1st Class. Personal jurisdiction over a nonresident defendant arises from "certain minimum contacts with [the forum state] such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). In a case between diverse parties, the plaintiff must satisfy two showings that personal jurisdiction exists as to a nonresident defendant: (1) the defendant is

amenable to suit under the forum state's long-arm statute; and (2) due process requirements of the Constitution are met. *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996). Therefore, the Court may only exercise personal jurisdiction over a non-resident defendant if jurisdiction meets the state's long-arm statute and constitutional due process requirements. *Id.*

First, the law of the forum state determines "whether personal jurisdiction exists, subject to constitutional limitations." *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 721 (6th Cir. 2000). In this case, the Tennessee long-arm statute sets forth the circumstances where an action or claim for relief might arise from a nonresident defendant's conduct within the state. Such conduct is defined as "the transaction of any business within the state; any tortious act or omission within this state; the ownership or possession of any interest in property located within this state; or entering into a contract for services to be rendered or for materials to be furnished in this state." *Id.* (citing Tenn. Code Ann. § 20–2–214(a)(1), (2), (3), & (5)). Tennessee's long-arm statute is interpreted to be "coterminous with the limits on personal jurisdiction imposed" by the Due Process Clause of the United States Constitution. *Id.* (citing *Payne v. Motorists' Mut. Ins. Cos.*, 4 F.3d 452, 455 (6th Cir. 1993)). Consequently, "the jurisdictional limits of Tennessee law and of federal constitutional law of due process are identical." *Id.*

"Depending on the type of minimum contacts in a case, personal jurisdiction can either be specific or general." *Air Prods. & Controls, Inc. v. Safetech Intern., Inc.*, 503 F.3d 544, 549–50 (6th Cir. 2007) (citing *Reynolds v. Int'l Amateur Athletic Fed'n*, 23 F.3d 1110, 1116 (6th Cir. 1994)). The parties agree in this case that the Court does not have general personal jurisdiction over 1st Class. "An exercise of specific jurisdiction is proper where the claims in the case arise from or are related to the defendant's contacts with the forum state." *Henderson*, 428 F.3d at 615 (citing *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 149 (6th Cir. 1997)). The Sixth

4

Circuit applies a three-prong test in order to determine whether specific jurisdiction exists and to protect the due process rights of a non-resident defendant:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state.  Second, the cause of action must arise from the defendant's activities there.  Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.  *S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968).

Despite viewing the record evidence at the pleadings stage in a light most favorable to Plaintiff, the Court holds that it does not have specific personal jurisdiction over 1st Class.  Plaintiff has failed to make a prima facie showing that 1st Class purposefully availed itself of the privilege of doing business in the state of Tennessee.  The "purposeful availment" prong of the *Southern Machine* test is an "essential" prerequisite for a court to exercise specific jurisdiction over a non-resident party.  *Means v. U.S. Conf. of Catholic Bishops*, 836 F.3d 643, 649 (6th Cir. 2016); *Southern Machine*, 401 F.2d 381–82 (describing the purposeful availment prong as a "*sine qua non*" of specific personal jurisdiction).  In any case, "the defendant's conduct and connection with the forum" must be "such that he 'should reasonably anticipate being haled into court there.'"  *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 889 (6th Cir. 2002) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)).  "[R]andom, fortuitous, or attenuated contacts" with the forum state will not do.  *Walden v. Fiore*, 134 S.Ct. 1115, 1123 (2014).  "In the Sixth Circuit, the emphasis in the purposeful availment inquiry is whether the defendant has engaged in some overt actions connecting the defendant with the forum state."  *Beydoun v. Wataniya Restaurants Holding, Q.S.C.*, 768 F.3d 499, 506 (6th Cir. 2014) (citing *Fortis Corporate Ins. v. Viken Ship Mgmt.*, 450 F.3d 214, 218 (6th Cir. 2006)).

Plaintiff alleges that the Court has specific personal jurisdiction over 1st Class by virtue of its alleged partnerships with real estate agents and businesses in Tennessee.  Of note, 1st Class provides agents the opportunity to start a franchise and receive "the tools to generate your own leads."  (Compl. ECF No. 1 at 4.)  As part of the tools promised to franchisees and partners, 1st Class supplies business management services such as telemarketing software and cold-call training.  (*Id.*)  According to Plaintiff's Complaint, 1st Class charges a fee for each transaction made by a partner agent and a fixed monthly fee for their products and services.  (*Id.*)  In addition, Plaintiff provides some evidence showing that 1st Class conducts telemarketing itself and hires employees to call consumers directly.  (*Id.* at 7.)  The job listings cited by Plaintiff are for positions in Virginia and Florida.  (*Id.* at 7–10.)  Plaintiff does not cite to any job listings in the forum state of Tennessee.

Next, Plaintiff points to the job listings as evidence that "its franchisee realtors are engaging in cold calling consistent with 1st Class's direction."  (Resp. ECF No. 9 at 3.)  By this statement, Plaintiff implies that 1st Class provides guidance to and exhibits control over 1st Class Advisors.  Thus, under this logic, if 1st Class Advisors is a franchisee and uses the services, training, and direction of 1st Class, then 1st Class does business in Tennessee and can be haled into court there.  However, Plaintiff's proof of the alleged tie between 1st Class Advisors and 1st Class is unconvincing.  To begin proving the connection, Plaintiff contends that her experience with Mr. Houston was "consistent with the tools and training that Defendant provides to its franchisees' realtors."  (*Id.* at 5.)  Plaintiff then states that "[a]s is readily apparent from Defendant 1st Class Real Estate's own website . . . Caleb Houston works for the 1st Class Real Estate franchisee named '1st Class Real Estate – Advisors.'"  (*Id.* at 6.)

Plaintiff's Response brief cites to Exhibits 1 and 2 as direct proof of the alleged connection between Mr. Houston and his employer and 1st Class. (*Id.*) The exhibits are "screenshots of Defendant's website." (*Id.*) But there is only one exhibit attached to the Response, and this exhibit appears to be a photocopied print-off from the website of 1st Class Advisors. (*See id.* Ex. 1.) The photocopy contains a "contact info" section with a Virginia Beach address and the bottom of the page indicates that the copyright is held by "1st Class Real Estate." (*Id.*) Other than Exhibit 1, there is no direct evidence to show that 1st Class Advisors is connected with 1st Class. And the print-off provided by Plaintiff is simply insufficient. Plaintiff must provide more than a Virginia address and evidence of a copyright owned by a business with a name similar to 1st Class. At this juncture, it seems that Plaintiff has only established that 1st Class Advisors does business under nearly the same moniker as 1st Class.

As a rejoinder, 1st Class claims that it does not "transact business within Tennessee, it does not own property in Tennessee, did not contract for services in Tennessee, and did not commit any acts within Tennessee." (Mot. To Dismiss, ECF No. 8 at 4.) To support this statement, 1st Class provides an affidavit by its founder Rhyan J. Finch. (Ex. 4, ECF No. 8-6.) The affidavit recites that 1st Class "does not conduct any business in Tennessee" and that "1st Class Real Estate LLC is not affiliated with [1st Class Advisors], and Caleb Houston is not an employee of 1st Class Real Estate LLC." (*Id.*) This affidavit lends weight to 1st Class's claims and stands in contrast to Plaintiff's very limited showing. In essence, the affidavit is substantial whereas Plaintiff's photocopy contains almost no persuasive information. Consequently, Plaintiff has failed to demonstrate that 1st Class purposely availed itself of the privilege of doing business in Tennessee.

CONCLUSION

Although the burden to establish subject matter jurisdiction is slight, Plaintiff was unable to carry her burden. 1st Class may have a presence in other states, but it does not have enough contacts with Tennessee. In fact, the affidavit provided by 1st Class's founder is sufficient to conclude that 1st Class is not present in Tennessee at all. However, the Court notes that this Order is made without prejudice, and should Plaintiff discover more evidence of 1st Class's contacts with Tennessee, Plaintiff may refile her claim. But, for the reasons stated above, Plaintiff has not provided enough to establish personal jurisdiction, and 1st Class's Motion to Dismiss is **GRANTED** without prejudice pursuant to Fed. R. Civ. Pro. 12(b)(2).

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: August 24, 2022.